## J. M. THORNBERRY v. THE STATE.

1. INFORMATIONS. — Both by article 404 of the Code of Criminal Procedure and by the act of 1876 defining the duties of county attorneys, an affidavit or sworn complaint charging the defendant with an offense against the law is made an indispensable prerequisite to the presentation of an information; and, without such prerequisite, an information is wholly insufficient to support a conviction.

2. SAME. — The statutory requirement of an affidavit or sworn complaint as the foundation of an information is but a compliance with the constitutional guaranty against the seizure of persons without probable cause, supported by oath or affirmation.

APPEAL from the County Court of Bell. Tried below before the Hon. D. C. SMITH, County Judge.

*Eidson & Pierson*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WINKLER, J.   From all we can gather from the transcript of the record, the information upon which the appellant was tried and convicted was filed without any written affidavit that any offense against the law had been committed by the defendant; and without this the information was worthless and totally insufficient to support a conviction.

The Bill of Rights declares, among other things, that " no warrant to search any place, or seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation." Const., art. 1, sec. 9.

This declaration, being among *high powers* excepted out of the general powers of government, is placed beyond the control of courts and legislatures.

By article 404 of the Code of Criminal Procedure it is declared that an information shall not be presented until oath has been made by some credible person charging the defendant with an offense.   There is no conflict between the provision of the Code above referred to and the act of the fifteenth Legislature *defining and regulating the duties of county attorneys* (Acts 1876, p. 85), the 13th section of which (p. 87) provides that, " upon complaint being made before any county attorney that an offense has been committed which the county court or a justice of the peace has jurisdiction to try, it shall be the duty of said county attorney to reduce the complaint to writing and cause the same to be signed and sworn to by the complainant, and it shall be duly attested by said county attorney.   Said complaint shall state the name of the accused, if his name is known, and the offense for which he is charged shall be stated in plain and intelligible words, and it must appear that the offense was committed in the county where the complaint is filed; and the complaint must show, from the date of the offense stated therein, that the offense is not barred by limitation. "

Section 15 of the same act provides that "it shall be the duty of the county attorney, upon the filing of said complaint, to prepare an information in writing, which shall be in compliance with article 403, part 3, title 4, chapter 3, of the Code of Criminal Procedure.    See *Davis* v. *The State*, 2 Texas Ct. App. 184.

After conviction the accused moved the court to grant him a new trial, alleging in the motion, among other grounds, that the verdict was contrary to the law and the evidence; which motion being overruled, the defendant excepted and gave notice of appeal, and took a bill of exceptions to several rulings of the court on the trial, and among them the overruling of the motion for a new trial.

It is unnecessary that we should go back to Runnymede and to the days of King John and trace the progress from its origin down, or notice that the same principle is embodied in the Constitution of the United States, as well as in all the Constitutions of the republic and state of Texas, and ingrafted in the Bill of Rights of our present organic law, that "No citizen of this state shall be deprived of life, liberty, property, privileges, or immunities, or in any manner disfranchised, except by due course of the law of the land."

In order to show that the case we are considering has no legal foundation upon which it can stand, it suffices that the information was filed without an affidavit or sworn complaint in writing, which, under the law, as we have seen, was an indispensable prerequisite to the information.

It will not do to say that the present case is a comparatively small matter, and that, therefore, the defects should be overlooked.    The constitutional guaranties and legal requirements here involved, and which, as we think, have been violated, are the same as those upon which rest our most sacred rights of life, liberty, and property.

For the reason that there was no affidavit charging the

appellant with any offense against the law filed either prior to, or simultaneously with, the information, the judgment against the accused is reversed and this prosecution is dismissed.

*Reversed and dismissed.*